# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20139
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2019

Lyle W. Cayce
Clerk

CONN APPLIANCES, INCORPORATED,

> Plaintiff - Appellant

v.

JOHNNIE F. WILLIAMS, JR.,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:

Conn Appliances, Inc., appeals the district court's dismissal of this suit for lack of personal jurisdiction. For the following reasons, we AFFIRM.

## I.

This case arises out of Conn Appliances, Inc.'s ("Conn"), attempts to compel Johnnie F. Williams, Jr., to comply with the terms of the parties' retail installment contract. Williams is a resident of Tennessee, and he entered into the contract with Conn, a Texas corporation, at Conn's Tennessee store. When Williams began to miss payments, Conn called him about his delinquent account from one of its call centers. Although Williams had originally

No. 19-20139

consented to receiving phone calls from Conn, he later withdrew that consent. Despite the withdrawal of his consent, Conn continued to call Williams.

Williams sued Conn in the U.S. District Court for the Western District of Tennessee (the "Tennessee case"), alleging that Conn violated the Telephone Consumer Protection Act ("TCPA"). He later voluntarily dismissed the case after realizing that the parties' retail installment contract included an arbitration agreement. Because the parties' arbitration agreement provided that the arbitration hearing "will take place near [the buyer's] residence," the arbitration took place in Tennessee. The arbitrator entered an award in favor of Williams on September 4, 2018.

The parties' arbitration agreement provides that "[j]udgment on the award may be entered in any court with jurisdiction." On the day the arbitrator entered his award, Conn and Williams both took judicial action. Conn brought suit in the U.S. District Court for the Southern District of Texas (the "Texas case"), asking the court to vacate the award. Meanwhile, Williams filed a motion in the Tennessee case seeking to enforce the award.

Williams then moved to dismiss the Texas case for lack of personal jurisdiction. He argued that Conn had not properly served him and he was not subject to personal jurisdiction in Texas because he was not within reach of the state's long-arm statute and did not have sufficient contacts within the state to give rise to jurisdiction. After a hearing, the U.S. District Court for the Southern District of Texas dismissed the Texas case for lack of personal jurisdiction. Conn challenges this dismissal on appeal.

## II.

We review de novo a district court's decision to grant a motion to dismiss for lack of personal jurisdiction. *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). Because the district court did not hold an evidentiary hearing, Conn bears the burden of establishing only

2

a prima facie case of personal jurisdiction. *Id.* We "accept as true the uncontroverted allegations in the complaint and resolve in favor of [Conn] any factual conflicts." *Id.* (quoting *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)).

Generally, a federal court may assert personal jurisdiction if the state long-arm statute permits jurisdiction and the exercise of such jurisdiction would not violate due process. *Id.* "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Id.* Thus, to establish a prima facie case of personal jurisdiction, Conn must show that Williams had "minimum contacts" with Texas—meaning that he "purposely availed himself of [Texas's] benefits and protections"—and that exercising jurisdiction will not "offend traditional notions of fair play and substantial justice." *Id.* (quoting *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008)).

Minimum contacts can give rise to either specific or general personal jurisdiction; only specific jurisdiction is at issue here. "Specific jurisdiction applies when a non-resident defendant 'has purposefully directed [his] activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Id.* at 539-40 (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)).

We agree with the district court that Conn has failed to establish a prima facie case that the district court had personal jurisdiction over Williams, and we therefore affirm the district court's dismissal of this action. Williams entered into the retail installment contract with Conn at its Tennessee store. The contract provided that it would be governed by Tennessee and federal law, and the arbitration clause would be governed by the Federal Arbitration Act. The arbitration was held in Tennessee. Other than the fact that Williams

entered into a contract with a Texas entity, there is no evidence in the record that Williams engaged with the Texas forum. *Cf. id.* at 544 (explaining that contract with out-of-state party, on its own, cannot establish minimum contacts with other party's forum). Nor has Conn pointed to any evidence that Williams "purposely availed himself" of the Texas forum. Because Conn has failed to meet its prima facie burden, the district court properly dismissed the suit for lack of personal jurisdiction over Williams. *See Sangha v. Navig8 ShipMgmt. Private Ltd.*, 882 F.3d 96, 103 (5th Cir. 2018) ("[A] defendant does not have minimum contacts with a state when it does not have a physical presence in the state, it did not conduct business in the state, and the contract underlying the business transaction was not signed in the state and did not call for performance in the state.").

Conn protests that it is not subject to personal jurisdiction in the Western District of Tennessee and, therefore, no court can adjudicate the arbitration award.[1] We express no opinion as to whether the Western District of Tennessee has personal jurisdiction over Conn. But even if the Western District of Tennessee is not the proper forum, the lack of jurisdiction over Conn in another forum does not mean that the Southern District of Texas has personal jurisdiction over Williams.

Conn's argument that *Shaffer v. Heitner*, 433 U.S. 186 (1977), mandates that the case be heard in Texas is also without merit. *Shaffer* extended the minimum-contacts analysis to "all assertions of state-court jurisdiction." *Id.* at 212. It does not, as Conn argues, stand for the principle that attempting to enforce a judgment against a Texas citizen in another state necessarily confers

---

[1] Conn's motion to dismiss the Tennessee case for lack of personal jurisdiction is still pending before the U.S. District Court for the Western District of Tennessee. *See* Motion to Dismiss for Lack of Personal Jurisdiction, *Williams v. Conn Appliances, Inc.*, No. 2:17-CV-2052 (W.D. Tenn. Feb. 25, 2019), ECF No. 29.

No. 19-20139

personal jurisdiction over that litigant. Conn does not cite any convincing authority on this point, and we are aware of none.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.